ZIMMERMAN'S ELECTRIC, INC., A NEBRASKA CORPORATION, APPELLANT, V. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, A MARYLAND CORPORATION, APPELLEE.

231 N. W. 2d 342

Filed July 3, 1975. No. 39882.

James L. Zimmerman, for appellant.

Holtorf, Hansen, Kovarik & Nuttleman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action on a contractor's bond. Plaintiff had furnished electrical materials to the contractor for installation in a public building. Plaintiff's petition was dismissed on the basis of defendant's plea of the statute of limitations. We reverse the judgment of the District Court.

The sole issue is whether the statute had run. Section 52-118.02, R. R. S. 1943, requires that the action be brought within 1 year "after the date of final settlement of the principal contract." The statute is patterned after 40 U. S. C., section 270, as it formerly existed prior to amendment, simplification, and clarification. That act limited suit to "one year after the performance and final settlement of said contract."

The record reveals that suit was brought on April 8, 1974. The architect had the authority and responsibility for checking and certifying the progress of the work, payments to be made, and completion of the contract. On August 21, 1972, he certified the work was substantially complete except for certain enumerated items and the entire amount due was paid except for a 10 percent retainer. On November 1, 1972, he certified the project was complete except for minor labor items amounting to $250 to $300 and all due was paid except a $500 retainer. On April 17, 1973, the architect certified the contract was fully completed.

It will be noted that the federal act required "completion" of the contract as a factor in a final settlement. The Nebraska act does not specifically require completion; nevertheless, it would appear that "completion" is an inherent requirement. Otherwise, there could be a final ascertainment of the amount due immediately on the execution of a contract providing for the payment of a specified sum or on issuance of each monthly statement as the work progressed, as in each instance the sum falling due is ascertainable.

The federal act has been interpreted in several cases. In Consolidated Indemnity & Ins. Co. v. W. A. Smoot & Co:, 57 F. 2d 995 (4th Cir., 1932), it was held that final settlement means " 'the final determination by the proper governmental authority of the amount which the government is finally bound to pay or entitled to receive under the contract.' " Also, that final settlement refers " 'to the time when the proper government officer, who has the final discretion in such matters, after examination of the facts, satisfies himself that the government will accept the work, as it is, without making any claim against the contractor for unfinished or imperfect work, damages for delay or what not, and records that decision in some orderly way.' "

In United States v. Arthur Storm Co., 101 F. 2d 524 (6th Cir., 1939), it was held: "Final settlement is not synonymous with final payment. It precedes payment and denotes the proper administrative determination with respect to the amount due."

In United States Casualty Co. v. District of Columbia, 107 F. 2d 652 (D. C., 1939), final settlement was defined as: " 'A determination, made and recorded in accordance with established administrative practice by the administrative officer or department having the contract in charge, that the contract has been completed and that the final payment is due.' * * *

"The settlement involves an administrative statement of account, including all charges and credits deemed

allowable by the department, after deciding, with intended finality so far as its functions are concerned, such matters as the sufficiency of performance, allowance of liquidated damages, contingent liabilities, etc. A determination that particular amounts may be due or paid merely as payments on account is not a final settlement." See, also, Globe Indemnity Co. v. United States, 291 U. S. 476, 54 S. Ct. 499, 78 L. Ed. 924.

In R. P. Farnsworth & Co., Inc. v. Electrical Supply Co., 112 F. 2d 150 (5th Cir., 1940), 130 A. L. R. 192, the contract had been completed except for minor items amounting to $82.80 which sum was retained pending full completion. It was held: "Not until the wall was rebuilt and the order passed to pay the $82.80 was there a final settlement of the contract. The suit was filed within a year from that date and was not barred." On rehearing in 113 F. 2d 111, it was held: "So long as the United States contend that the contractor must do something more and is holding back an amount, large or small, to secure full performance, there is no final settlement of the contract."

In the case of Westinghouse Electric Supply Co. v. Brookley, 176 Neb. 807, 127 N. W. 2d 465, it was determined that a final settlement had been arrived at notwithstanding the contract had not been entirely completed. The case is distinguishable due to an unusual situation. The engineer in charge had submitted a final inventory and the Rural Electrification Administration approved and executed final closeout documents prior to completion of the contract. In the case before us the architect did not certify that the work had been completed and that the final retainer should be paid until the issuance of his final certificate on April 17, 1973.

We adopt the federal rules. Ordinarily final settlement means a determination by the proper authority that the contract has been completed, that final payment is due, and of the amount due. In this instance that occurred on April 17, 1973, and the action is not

barred by the statute of limitations.

The judgment of the District Court is reversed and the cause remanded.

REVERSED AND REMANDED.